IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**Dustin Walker,**

    PLAINTIFF,

VS.    Civ. Act. No.:

**City of Anniston,**

    DEFENDANT.    JURY TRIAL DEMANDED

COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

2. Plaintiff seeks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in regard to his common law claim that Defendant failed to compensate Plaintiff for Work & Labor done.

## II. PARTIES

3. Plaintiff, Dustin Walker, (hereinafter "Plaintiff") is a resident of Jacksonville, Calhoun County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

case. Plaintiff is an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Eastern Division.

    4.     Defendant City of Anniston (hereinafter "Defendant") is a municipality incorporated in the State of Alabama is subject to service of process in Alabama. Defendant is an employer as defined by 29 U.S.C. §§ 203(x). Therefore, this Court has jurisdiction over Defendant.

### III.    STATEMENT OF FACTS

    5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

    6.     Defendant is a public agency.

    7.     Defendant hired Plaintiff on or about July 1, 2006.

    8.     Defendant employs Plaintiff as a Firefighter Lieutenant.

    9.     As a Firefighter Lieutenant, Plaintiff's primary duties consist of engaging in fire suppression and life-saving practices.

    10.    During an emergency call, if a Fire Chief or Captain is not on-scene, Plaintiff is responsible for making on-scene decisions related to fire suppression and life-saving practices.

    11.    Plaintiff does not have the authority to hire employees for the benefit of Defendant.

12. Plaintiff does not have the authority to terminate employees for the benefit of Defendant.

13. Plaintiff's labor performed for the benefit of Defendant is entirely manual in nature and consists of little or no administrative paperwork.

14. Plaintiff does not approve payroll.

15. Plaintiff cannot adjust employees time punches.

16. Plaintiff does not have the authority to formulate, affect, interpret, or implement management policies or operating practices.

17. Plaintiff's labor does not have any greater substantial impact on Defendant's business operations as compared to other firefighters.

18. Plaintiff does not have the authority to purchase anything for the benefit of Defendant.

19. Plaintiff does not have the authority to enter into any contracts or agreements on behalf of Defendant.

20. Plaintiff does not provide consultation or expert advice to members of management.

21. Plaintiff is not involved in planning any short or long-term goals for Defendant's business objectives.

22. Defendant's Fire Chief makes all substantive decisions regarding the operation of Defendant's Fire Department.

23. Defendant employs more than five employees as firefighters.

24. At all times during the employment relationship, Defendant has classified Plaintiff as an hourly paid, non-exempt employee.

25. Defendant established an hourly rate of pay for Plaintiff.

26. As a Firefighter Lieutenant, Defendant initially paid Plaintiff at a rate of $23.30 per hour.

27. Defendant later increased Plaintiff's rate of pay to $23.32 per hour.

28. During October 2021, Defendant increased Plaintiff's rate of pay to $23.91 per hour.

29. Defendant does not compensate Plaintiff on a salary basis.

30. Defendant utilizes a fourteen-day work period, in which it issues paychecks for work performed every fourteen days.[1]

31. During the three years preceding the filing of this Complaint, Plaintiff typically worked over eighty hours in a fourteen-day work period.

32. During the three years preceding the filing of this Complaint, Defendant failed to pay Plaintiff at his regular rate for all hours worked in excess of eighty in a work period.

---

[1] Pursuant to 29 U.S.C. § 207(k), an employer is allowed to establish a "work period" of seven to twenty-eight days rather than utilize a traditional "work week" to calculate overtime pay.

33. In work periods in which Plaintiff worked less than eighty hours, Defendant reduced Plaintiff's pay to reflect the hours that he worked.

34. In work periods in which Plaintiff worked less than eighty hours, Plaintiff utilized accrued time-off to compensate for the difference in pay.

35. In work periods in which Defendant scheduled Plaintiff to work more than eighty hours, Defendant typically only paid Plaintiff for eighty hours of labor.

36. Defendant does not convert the hours that Plaintiff worked in excess of eighty in a pay period to paid time off as permitted by 29 U.S.C. § 207(o).

37. If Plaintiff worked additional shifts beyond what Defendant had scheduled him, Defendant paid Plaintiff for the additional labor at his regular rate.

38. During the three years preceding the filing of this Complaint, Defendant failed to pay Plaintiff an overtime premium for all hours worked in excess of one hundred and six (106) in a work period.

39. During Fall 2022, Defendant made the decision to begin paying its firefighters for hours worked up to one hundred and six (106) per work period, at a new reduced rate.

40. During November 2022, as part of Defendant's new pay structure, Defendant reduced Plaintiff's rate of pay to $19.40 per hour.

## IV. COUNT ONE – FLSA – Overtime Violations

41. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1, 3-40 above.

42. At all times relevant to this action, Defendant has been an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

43. During the three years preceding the filing of this Complaint, Defendant has been a public agency as defined by 29 U.S.C. § 203(x).

44. During the three years preceding the filing of this Complaint, Plaintiff, and all other similarly situated firefighters were employees of Defendant as defined by 29 U.S.C. § 203(e)(2).

45. Defendant employs more than five firefighters.

46. Defendant does not compensate Plaintiff on a salary basis.

47. During the three years preceding the filing of this Complaint, Plaintiff typically worked over eighty hours in a work period.

48. During the six years preceding the filing of this Complaint, Defendant failed to pay Plaintiff at his regular rate for all hours worked in excess of eighty in a work period.

49. In work periods in which Plaintiff worked less than eighty hours, Defendant reduced Plaintiff's pay to reflect the hours that he worked.

50. In work periods in which Plaintiff to worked more than eighty hours, Defendant typically only paid Plaintiff for eighty hours of labor.

51. If Plaintiff worked additional shifts beyond what Defendant had scheduled him, Defendant paid Plaintiff for the additional labor at his regular rate.

52. During the three years preceding the filing of this Complaint, Defendant failed to pay Plaintiff an overtime premium for all hours worked in excess of one hundred and six (106) in a work period.

53. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. COUNT TWO – QUANTUM MERUIT/WORK & LABOR DONE

54. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 2, 6-10, 26-36 above.

55. During the six years preceding the filing of this Complaint, Plaintiff typically worked over eighty hours in a work period.

56. During the six years preceding the filing of this Complaint, Defendant failed to pay Plaintiff his regular rate for all hours worked in excess of eighty in a work period.

57. Defendant benefited from Plaintiff's labor described in the two preceding paragraphs.

58. Defendant knowingly accepted the benefit of Plaintiff's work.

59. Plaintiff reasonably expected payment for his labor at his regular rate of pay for all hours worked in a two-week work period for each and every pay period during the six years preceding the filing of this Complaint.

60. As the result of Defendant's failure to pay Plaintiff, Plaintiff has been damaged, suffering loss of pay.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest (for the FLSA claim); and

D. All wages due and owing (Count II);

E. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

OF COUNSEL:

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Birmingham, Alabama 35223
T: (205) 252-1550
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
City of Anniston
c/o City Clerk Skylar Bass
4309 McClellan Blvd.
Anniston, AL 36206