IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DUSTIN WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **v.** ) | **1:23-cv-00012-CLM** |
| ) | |
| **CITY OF ANNISTON, ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

## CITY OF ANNISTON'S MOTION TO DISMISS COUNT TWO

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), the City of Anniston, Alabama ("City"), Defendant in the above-styled action, moves to dismiss Count Two of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. As grounds for dismissal, the City shows as follows:

***Background[1]***

1. Plaintiff asserts two causes of action against the City. In Count One, Plaintiff contends that the City violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime for hours worked in excess of one hundred and six (106) in a work period. Complaint, ¶52. In Count Two, Plaintiff asserts a claim for Quantum Meruit/Work & Labor Done alleging that he "expected payment for his labor at his regular rate of pay for all hours worked in a two-week work period.

---

[1] The allegations set forth in the Complaint are accepted as true for purposes of this motion only.

. ." Complaint, ¶59.  Plaintiff does not contend that the parties had an express or implied agreement that he would be paid a set amount for each hour worked rather than simply being paid in a manner consistent with the FLSA.  Count Two is due to be dismissed (1) because an express or implied agreement is an essential element of the Quantum Meruit/Work & Labor Done cause of action, and (2) because Plaintiff makes nothing more than conclusory allegations that he had an expectation of additional pay.  Furthermore, Plaintiff has already been paid at his regular rate.

      2.     Plaintiff is employed as a Firefighter Lieutenant for the City.  Plaintiff alleges that the City uses a fourteen-day work period and that the City failed to pay him an overtime premium for hours worked in excess of one hundred and six (106) in a pay period.[2]  Complaint, ¶¶ 30, 38.  Plaintiff alleges that the City did not pay him at his regular rate for all hours worked in excess of eighty (80) in a work period.  Complaint, ¶32.  He further alleges that the City utilized "accrued time-off" in two-week work periods in which he worked fewer than eighty hours to make up the difference.  Complaint, ¶ 34.  Plaintiff contends that the eighty (80) hour threshold was adjusted to one hundred six (106) in November 2022.  In sum, Plaintiff's general contention is that he was paid for eighty (80) or, beginning November 2022, one hundred six (106) hours irrespective of the number of hours

---

[2] Plaintiff acknowledges that 29 U.S.C. § 207(k) permits an employer to designate a work period of between seven (7) and twenty-eight (28) days.

2

that he actually worked. Plaintiff contends that this practice has continued for at least six years. Complaint, ¶ 56.

3. Plaintiff does not contend that he has an express or implied contract of employment with the City. Further, although he alleges an FLSA violation for failure to pay overtime, he does not allege that the City failed to pay him the minimum wage required by the FLSA for the hours that he worked.

### *Argument*

4. Plaintiff is an at-will employee of the City. *See Howard v. Highlands Med. Ctr.*, Civil Action No. 5:15-cv-00393-CLS, 2015 U.S. Dist. LEXIS 104389, at *9 (N.D. Ala. Aug. 10, 2015) (citing *Ex parte Michelin North America, Inc.*, 795 So. 2d 674, 677 (Ala. 2001) (finding that a contract for employment in Alabama is presumed to be at-will); *see also Ex parte Amoco Fabrics and Fiber Co.,* 729 So.2d 336, 339 (Ala.1998) (citing *Bell v. South Central Bell*, 564 So.2d 46 (Ala. 1990) ("The bedrock principle of Alabama employment law is that, in the absence of a contract providing otherwise, employment in this state is at-will."). An employer and employee in an at-will employment relationship are free to set the terms of compensation subject to the minimum requirements of the FLSA. *Tidmore v. Bank of Am., N.A.*, Civil Action Number: 4:15-cv-2210-JEO, at *14 (N.D. Ala. Feb. 3, 2017) ("[P]arties are free to contract as they see fit"); *Fountain v. Ingram*, 926 So. 2d 333, 338 (Ala. 2005) (citing *Perkins v. Skates*, 220 Ala. 216,

218, 124 So. 514, 515 (1929) ("Parties are free to contract as they will, provided they contract within the law."). Other than the overtime allegation set forth in Count One, Plaintiff does not allege a violation of the FLSA. Rather he alleges (erroneously) that he was not compensated at his regular rate[3] for work performed of greater than eighty (80) hours per work period because he alleges that the City paid him for eighty (80) hours of work irrespective of the actual number of hours that he worked per pay period.

### *Plaintiff Does Not Allege the Existence of a Contract*

5.   Plaintiff's asserted claim(s) for Quantum Meruit/Work & Labor Done are "theories for equitable relief [and] are methods of avoiding unjust enrichment and both require the existence of a contract, either express or implied." *Frank Crain Auctioneers, Inc. v. Delchamps*, 797 So. 2d 470, 474 (Ala. Civ. App. 2000) (holding that there was no quantum meruit claim where there was no contract). There must be an express or implied agreement between the parties for such a claim to survive a motion to dismiss. Accordingly, Plaintiff must plead facts that if taken as true, "suggest than an agreement was made." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).* Plaintiff makes no allegation that there was an express

---

[3] Plaintiff alleges that he "expected payment for his labor at his regular rate of pay for all hours worked in a two-week work period. . ." Complaint, ¶59. The regular rate is ". . . is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek. . ." 29 CFR §778.109. The regular rate is computed retrospectively and can vary from work period to work period. Accordingly, based on the allegations set forth in the Complaint, Plaintiff has already been paid the regular hourly rate.

or implied agreement between the parties. Rather, Plaintiff alleges that he worked under this relationship for at least six years. Complaint, ¶ 56. The persistence of this arrangement prevents any credible argument that an implied contract existed on contrary terms. Accordingly, Count Two is due to be dismissed.

### *Plaintiff's Allegation that He Reasonably Expected Additional Payment is Conclusory*

6. Plaintiff must also meaningfully allege that he had a reasonable expectation of being paid an additional amount for the hours that he worked over eighty (80) at his regular rate. *See Cooley v. HMR of Alabama, Inc.*, 747 Fed. Appx. 805, 808, 2018 U.S. App. LEXIS 25280, **6 ("To raise a valid claim on [a quantum meruit/work & labor done] theories under Alabama law, the employee has to plead, among other things, that he reasonably expected to be compensated for work performed during meal periods."). Plaintiff does not contend that he was not paid at least minimum wage for the time that he worked. Rather, Plaintiff claims that he should have been paid at a different rate. Plaintiff's conclusory allegation that "he reasonably expected payment for his labor at his regular rate of pay for all hours worked in a two-week [sic] work period for each and every pay period during the six years preceding the filing of this Complaint" is insufficient to meet the required standard. Complaint, ¶ 59.

7. Other than the alleged change from an eighty (80) hour work period to a one hundred six (106) hour work period in November 2022, Plaintiff does not

allege any changes to how he was paid during the prior six years and he states no reason that he would have an expectation that he would be compensated in a manner different than he had been for the prior six year period. His conclusory allegation is insufficient under the standard set forth in *Twombly* and *Iqbal* and Count Two is due to dismissed on this additional basis. *See Lee v. Scripts*, 2:15-cv-01013-JEO, 2015 U.S. Dist. LEXIS 192470, at *2 (N.D. Ala. Apr. 6, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Conclusory allegations, without factual support, are not enough to withstand a motion to dismiss.")); *see also Penaloza v. Drummond Co.*, 384 F. Supp. 3d 1328, 1337 (N.D. Ala. 2019) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.")).

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court to dismiss Count Two of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted this 2nd day March, 2022.


                                                s/ Michael L. Thompson
                                                Michael L. Thompson ASB-5417-O46M
                                                McKenzie T. Meade  ASB-4768-Q00M

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008
Email:      mthompson@lehrmiddlebrooks.com
              mmeade@lehrmiddlebrooks.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                Allen D. Arnold, Esq.
                Whitney Morgan Brown, Eq.
                Allen D. Arnold, LLC
                6 Office Park Circle, Ste 209
                Birmingham, AL 35223

                                                s/ Michael L. Thompson
                                                OF COUNSEL

710357.docx