IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DUSTIN WALKER,** )<br>)<br>**Plaintiff,** )<br>) **CIVIL ACTION NUMBER:**<br>**v.** ) **1:23-cv-00012-CLM**<br>)<br>**CITY OF ANNISTON,** )<br>)<br>**Defendant.** ) | |

## ANSWER

COMES NOW City of Anniston, Defendant in the above-styled action, and responds to Plaintiff's Complaint as follows:

**I.  JURISDICTION**

1. Defendant admits that this Court has jurisdiction pursuant to the statutes listed but denies any violation of same.

2. Defendant admits that Plaintiff purports to invoke the Court's supplemental jurisdiction regarding the claim asserted for Work & Labor done but Defendant denies any liability for same.

**II.  PARTIES**

3. Defendant admits that venue is proper.

4. Defendant admits that it is a municipality incorporated in the State of Alabama, that it is subject to service of process in Alabama and that it is a public

agency as defined by 29 U.S.C. §203(x).  Defendant admits that it is subject to the Court's jurisdiction.

### III.   STATEMENT OF FACTS

5. Defendant incorporates its responses to Paragraphs 1 – 4 as if fully stated herein.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Denied.

14. Admit.

15. Admit.

16. Admit.

17. Deny.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit in general.

23. Admit.

24. Defendant admits that it has classified Plaintiff as a non-exempt employee throughout his employment.

25. Defendant admits that it established the rate of compensation to be offered to Plaintiff.

26. Defendant admits that it compensated Plaintiff in a manner consistent with the FLSA using a rate that equated to approximately $23.30 per hour when stated on an 80 hour basis. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant admits that it compensated Plaintiff in a manner consistent with the FLSA using a rate that equated to approximately $23.32 per hour when stated on an 80 hour basis. Defendant denies the remaining allegations of Paragraph 27.

28. Defendant admits that it compensated Plaintiff in a manner consistent with the FLSA using a rate that equated to approximately $23.91 per hour when stated on an 80 hour basis. Defendant denies the remaining allegations of Paragraph 28.

29. Defendant admits that it classified Plaintiff as a non-exempt employee under the FLSA.

30. Denied.

31. Defendant denies that it utilized a fourteen-day work period and further denies that Plaintiff typically worked over eighty hours in a fourteen-day period.

32. Denied.

33. Denied.

34. Defendant admits that Plaintiff used compensatory time, annual leave, sick leave and possibly other compensation benefits. Defendant denies the remaining allegations set forth in Paragraph 34.

35. Denied.

36. Defendant admits that it does not convert the hours that Plaintiff worked in excess of eighty in a pay period to paid time off but further states that its practice of awarding compensatory time is consistent with the requirements of the FLSA.

37. Admit that Plaintiff was compensated consistent with the FLSA.

38. Defendant admits that it did not pay Plaintiff an overtime premium for all hours worked in excess of one hundred and six (106) in a work period but further notes that it utilized a twenty-eight day work period.

39. Defendant admits that changes were made to its compensation system in the Fall 2022, but notes that it retained the twenty-eight (28) day work period.

40. Defendant admits that Plaintiff's rate of pay was adjusted to a rate that equated to $19.40 per hour when stated on an 80 hour basis in the Fall 2022.

## IV.   COUNT ONE – FLSA – Overtime Violations

41. Defendant incorporates by reference its responses to Paragraphs 1, 3 – 40 as if fully set forth herein.

42. Defendant admits that it is an employer as defined in 29 U.S.C. § 203 (d).

43. Defendant admits that it is a public agency as defined in 29 U.S.C. § 203 (x).

44. Defendant admits that Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203 (e).

45. Admit.

46. Defendant admits that it classified Plaintiff as a non-exempt employee under the FLSA.

47. Defendant admits that Plaintiff sometimes worked more than eighty hours in a twenty-eight day work period.

48. Denied.

49. Denied.

50. Denied.

51. Defendant admits that Plaintiff was compensated in a manner consistent with the FLSA.

52. Defendant states that it utilizes a twenty-eight day work period and Plaintiff is not due an overtime premium for hours worked in excess of one hundred and six (106) in a work period.

53. Denied.

**V.   COUNT TWO – QUANTUM MERUIT/WORK & LABOR DONE**

54. Defendant incorporates by reference its responses to Paragraphs 2, 6 – 10, 26 - 36 as if fully set forth herein.

55. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

56. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

57. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

58. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

59. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

60. Count Two of Plaintiff's Complaint is subject to a Motion to Dismiss so no response is required at this time.

Defendant further denies the Plaintiff is entitled to any relief from it whatsoever including but not limited to, the relief requested in Plaintiff's Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant hereby states the following additional and affirmative defenses to Plaintiff's Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted.

## FIRST DEFENSE

Any allegations of Plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

## SECOND DEFENSE

Some or all of the claims asserted in the Complaint are barred by the equitable doctrine of laches, waiver, estoppel and/or unclean hands.

## THIRD DEFENSE

Some or all of the claims asserted in the Complaint are or may be barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Defendant states that its compensation of Plaintiff was consistent with the FLSA at all times.

## FIFTH DEFENSE

Defendant denies that any alleged violation of law was willful.

## SIXTH DEFENSE

Defendant affirmatively avers that all of its actions were taken in good faith.

## SEVENTH DEFENSE

The claims asserted in the Complaint are barred to the extent that Defendant's conduct was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation of the Department of Labor, or any administrative practice or enforcement policy of the Department of Labor.

## EIGHTH DEFENSE

Plaintiff has been paid all money due to Plaintiff.

## NINTH DEFENSE

With respect to some or all claims brought or allegedly brought by Plaintiff, Defendant affirmatively pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by FLSA were not willful but occurred in good faith and were based upon reasonable factors.

**TENTH DEFENSE**

The Complaint fails to state a claim for which compensatory, consequential, or liquidated damages may be granted.

**ELEVENTH DEFENSE**

Plaintiff may not recover liquidated damages, because neither Defendant nor any of its officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, malicious act or authorized or ratified any such act with respect to Plaintiff and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**TWELFTH DEFENSE**

Some or all of the disputed time is not compensable pursuant to the de minimis doctrine.

**THIRTEENTH DEFENSE**

Any act or omission on the part of Defendant was in good faith and Defendant has reasonable grounds for believing that any such act or omission was not a violation of the FLSA.

**FOURTEENTH DEFENSE**

The Complaint is barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith with respect to its obligations pursuant to 29 C.F.R. Section 516, to make, keep and preserve adequate and accurate records

of covered employees and the wages, hours and other conditions and practices of employment at Defendant's work sites.

## FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

## SIXTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of payment.

## SEVENTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of release.

## EIGHTEENTH DEFENSE

Defendant reserves all other defenses available under the Fair Labor Standards Act.

## NINETEENTH DEFENSE

Defendant did not engage in any willful violation of federal or state law, nor did it act with malice or reckless disregard for Plaintiff's federally or state protected rights.

## TWENTIETH DEFENSE

Plaintiffs are not entitled to any of the relief requested in the Complaint.

## TWENTY-FIRST DEFENSE

The Defendant reserves the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

## TWENTY-SECOND DEFENSE

Defendant denies Plaintiff's allegations not specifically admitted to.

WHEREFORE, having stated its affirmative and additional defenses and having fully answered Plaintiff's Complaint, Defendant prays as follows:

a. That the Court dismiss all claims against Defendant with prejudice;

b. That the Court enter judgment against Plaintiff and in favor of Defendant;

c. That costs be assessed against Plaintiff;

d. That Defendant be awarded its attorneys' fees and costs incurred in the defense of this action; and

e. That the Court render to Defendant such other and further relief as it deems just and proper.

Respectfully Submitted,

s/ Michael L. Thompson
Michael L. Thompson
ASB-5417-O46M
McKenzie T. Meade
ASB-4768-Q00M

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008
Email: mthompson@lehrmiddlebrooks.com
mmeade@lehrmiddlebrooks.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allen D. Arnold, Esq.
Whitney Morgan Brown, Eq.
Allen D. Arnold, LLC
6 Office Park Circle, Ste 209
Birmingham, AL 35223


s/ Michael L. Thompson
OF COUNSEL

757429.docx