UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**DUSTIN WALKER,**
    Plaintiff,

v.                                                      Case No. 1:23-cv-12-CLM

**CITY OF ANNISTON,**
    Defendant.

## MEMORANDUM OPINION

Dustin Walker works as a firefighter for the City of Anniston. Walker alleges that he did not receive overtime pay at his regular rate for six years. So he sues the City of Anniston under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for overtime violations (Count I) and seeks supplemental jurisdiction under 28 U.S.C. § 1367(a) for his Quantum Meruit/Work and Labor Done claim (Count II).

Anniston has moved to dismiss Count II. (Doc. 8). For the reasons stated below, the court **DENIES** Anniston's motion.

## BACKGROUND

Dustin Walker ("Walker") has worked for the City of Anniston ("Anniston") as a Firefighter Lieutenant since July 2006. Walker alleges that Anniston has classified him as an hourly paid, non-exempt employee throughout his employment. Walker's pay started at a rate of $23.30 per hour, increased to $23.32 per hour, and later increased again to $23.91 per hour.

According to Walker, Anniston uses a 14-day work period, meaning that it issues paychecks to employees every 14 days. Walker says during the three years before filing his Complaint, he typically worked more than

80 hours in a 14-day work period.[1] But Walker says that Anniston failed to pay him his "regular rate" for hours worked past the 80-hour threshold. (Doc. 1, p. 4, ¶ 32). Walker alleges that Anniston "does not convert the hours that Plaintiff worked in excess of eighty in a pay period to paid time off as permitted by 29 U.S.C. § 207(o)."[2] (Doc. 1, p. 5, ¶ 36). Because Walker does not receive compensatory time off, he expects overtime compensation at his regular rate instead.

Relevant to this Motion to Dismiss, Walker sues Anniston for Quantum Meruit/Work and Labor Done (Count II). Walker alleges that because Anniston failed to pay his regular rate for all hours worked more than 80 in a 14-day work period, Anniston benefited from Walker's labor and knowingly accepted the benefit of his work—and because Walker reasonably expected payment for overtime labor at his "regular rate," he has suffered loss of pay for six years. (Doc. 1, pp. 7-8, ¶¶ 55-60). Anniston moves to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations as true, and construes them "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual

---

[1] Anniston disputes that it utilizes a 14-day work period. Instead, Anniston says it utilizes a 28-day work period. (Doc. 16, p. 2, n.1). At the Rule 12 stage, the court assumes the facts as Walker pleads them.

[2] 29 U.S.C. § 207(o)(1) provides: "Employees of a public agency . . . may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section."

allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the Complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

Anniston moves to dismiss Count II of Walker's Complaint, arguing that (1) an express or implied agreement is an essential element of a Quantum Meruit/Work and Labor Done cause of action, and that (2) Walker makes only conclusory allegations that he had an expectation of additional pay. (Doc. 8, p. 2, ¶ 1).

"Quantum meruit is an equitable doctrine that is based on the theory of compensating one who confers a benefit on another in order to avoid unjust enrichment." *Carn v. Heesung PMTech Corp.*, 579 B.R. 282, 309 (M.D. Ala. 2017) (citing *CIT Grp./Equip. Fin., Inc. v. Roberts*, 885 So. 2d 185, 189 (Ala. Civ. App. 2003)). "Recovery on a theory of quantum meruit arises when a contract is implied." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (citing *Brannan & Guy, P.C. v. City of Montgomery,* 828 So. 2d 914, 920 (Ala. 2002)). "An implied contract arises where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract." *Hendrix, Mohr & Yardley, Inc. v. City of Daphne,* 359 So. 2d 792, 796 (Ala. 1978) (citation omitted). "There are two kinds of implied contracts—those implied in fact and those implied in law. Contracts implied in law are more properly described as quasi or constructive contracts where the law fictitiously supplies the promise [to pay for the labor or services of another] to prevent a manifest injustice or unjust enrichment, etc." *Green v. Hosp. Bldg. Auth. of Bessemer,* 318 So. 2d 701, 704 (Ala. 1975).

And "no contract, whether express or implied-in-fact, is formed 'without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract.'" *Mantiply*, 951 So. 2d at 656 (citation omitted) (finding no contract where there was "no identifiable and

enforceable measure of a term essential to the agreement—[plaintiff's] compensation"); *but see Autauga Creek Craft House, LLC v. Brust*, 315 So. 3d 614, 629 (Ala. Civ. App. 2020) ("We conclude that the parties did not lack mutual assent to their agreement merely because there was no express agreement as to the value of Brust's services before they were performed.").

1. <u>Existence of an Implied Contract</u>

Neither party alleges the existence of an express contract for Walker's overtime pay, and the court finds none. So the first question is this: Has Walker has alleged plausible facts for the court to infer an implied contract that required Anniston to pay Walker his regular rate for overtime hours worked (*i.e.*, every hour after 80 that Walker worked in a 14-day work period)?

Walker argues an implied contract arises from the parties' course of dealing (*i.e.*, Anniston setting Walker's hourly rate). (Doc. 13, p. 1). Walker says there has been an offer (Anniston set an hourly rate of pay), acceptance (Walker worked for that promised rate), and a breach for that consideration (Anniston failed to pay the promised rate for hours worked beyond 80 in a 14-day period). (Doc. 13, pp. 5-6).

According to Anniston, no contract, express or implied, existed between the parties that created an obligation for Anniston to pay Walker overtime pay. (Doc. 16, pp. 2-3). Anniston says Walker is an at-will employee which allows the parties to set the terms of Walker's compensation subject to the minimum requirements of the FLSA. (Doc. 8, p. 3). Anniston says that Walker working without overtime pay for at least six years establishes the parties' "course of dealing" and prevents any credible argument that an implied contract existed on contrary terms. (Doc. 8, pp. 4-5; Doc. 16, p. 4).

At the motion-to-dismiss stage, the court must draw all reasonable inferences in Walker's favor. *See Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). Through the parties' course of dealing, Walker has alleged a

mutual intent to contract for Walker's services as Firefighter Lieutenant in exchange for a rate of $23.91 per hour. Because Walker is an hourly paid, non-exempt employee, it is plausible that this agreement would apply to *all* hours that Walker worked. And it is plausible this agreement would entitle Walker to overtime compensation, either in the form of pay at his regular rate, or in the form of time off as outlined in 29 U.S.C. § 207(o)(1).

Walker does not allege a specific number of overtime hours worked, or a total value of the overtime services he has provided Anniston, but these facts can be determined during discovery and evaluated at the summary judgment stage. *See Lee v. Town of Good Hope*, No. CV97-H-0227-NE, 1998 WL 465114, at *12 (N.D. Ala. June 24, 1998). For now, Walker has alleged plausible facts for the court to infer an implied contract existed for Anniston to pay Walker his regular rate for all hours worked, including hours that exceeded 80 during a 14-day work period.

2. Reasonable Expectation of Compensation

To survive Anniston's motion to dismiss, Walker must also show that "[Anniston] knowingly accepted his services and that he had a reasonable expectation of being compensated for his [overtime] services." *Mantiply*, 951 So. 2d at 656; *see also Utah Foam Prods., Inc. v. Polytec, Inc.*, 584 So. 2d 1345, 1350 (Ala. 1991); *see also CIT Grp./Equip. Fin., Inc.*, 885 So. 2d at 190. So the second question is twofold: whether Walker has alleged plausible facts for the court to infer that (a) Anniston knowingly accepted Walker's services and (b) Walker had a reasonable expectation of overtime compensation at his regular rate.

Looking back to Count II of Walker's Complaint, he alleges that Anniston "failed to pay [him] his regular rate for all hours worked in excess of eighty in a work period," "benefited from [his] labor," "knowingly accepted the benefit of [his] work," and that Walker "**reasonably expected payment for his labor at his regular rate for *all hours worked* in a two-week period for each and every pay period during the six years preceding the filing of this Complaint**." (Doc.

1, pp. 7-8, ¶¶ 56-59) (emphasis added). Anniston says that no contract existed between the parties that created an expectation that Anniston would pay Walker overtime pay. (Doc. 16, pp. 2-3).

Again, the court must draw all reasonable inferences in Walker's favor. Walker says during the six years before filing his Complaint, he has typically worked more than 80 hours in 14-day work periods. (Doc. 1, p. 7, ¶ 55). And Anniston continues to employ Walker. (*See* Doc. 1, p. 2, ¶ 8) ("Defendant **employs** Plaintiff as a Firefighter Lieutenant." (emphasis added)). From these facts, the court can infer that Anniston knowingly accepted Walker's services, including his overtime work.

Further, taking the facts in Walker's Complaint as true, Anniston set Walker's hourly rate as defined by 29 C.F.R. § 778.110 which provides:

> If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the "regular rate." For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week.

29 C.F.R. § 778.110. As an hourly paid, non-exempt employee, it is plausible that Walker would reasonably expect to be compensated for his overtime labor at least at the rate outlined by 29 C.F.R. § 778.110. But Walker says that Anniston set his hourly rate (*i.e.*, his "regular rate") and told him it would pay him at his hourly rate. (Doc. 13, pp. 5-6). So Walker has alleged plausible facts for the court to infer he had a reasonable expectation of overtime compensation at his regular rate.

In sum, Walker has alleged plausible facts for the court to infer (a) an implied contract existed for Anniston to pay Walker his regular rate for overtime hours worked and (b) Walker had a reasonable expectation of compensation at his regular rate. So Count II of Walker's Complaint survives Anniston's motion to dismiss. (Doc. 8).

## CONCLUSION

For the reasons explained above, the court **DENIES** Anniston's motion to dismiss Count II of Walker's Complaint. (Doc. 8).

**DONE** and **ORDERED** on February 8, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE