## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **DUSTIN WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **v.** ) | **1:23-cv-00012-CLM** |
| ) | |
| **CITY OF ANNISTON,** ) | |
| ) | |
| **Defendant.** ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW Plaintiff Dustin Walker ("Plaintiff") and the City of Anniston ("Defendant"), and hereby request that this Court (1) approve the settlement of the FLSA claim between Plaintiff and Defendant and (2) dismiss Plaintiff's Complaint (including claims under the FLSA and Quantum Meruit/Work and Labor Done) with prejudice. In support, the parties state as follows:

1.  Plaintiff filed the aforementioned lawsuit against Defendant on or about January 5, 2023.  (Doc. 1).  Plaintiff asserted two claims against Defendant – one under the Fair Labor Standards Act ("FLSA") and the second for Quantum Meruit/Work and Labor Done. Settlement has been reached as to both claims. Thus, the parties seek approval of their settlement relative to Plaintiff's FLSA claim and request dismissal of both claims (i.e., the FLSA claim and Quantum Meruit/Work and Labor Done) with prejudice.

2. Separate and distinct settlement agreements were made for each respective claim. A copy of the FLSA settlement agreement is attached as "Exhibit A."

3. A bona fide dispute existed as to liability under the FLSA and damages. Plaintiff alleged that he was due overtime compensation and additional wages due to alleged violations of the FLSA. Defendant, however, denied that it violated the FLSA or that Plaintiff was due additional payment or overtime.

4. Nonetheless, to avoid the expenses associated with prosecuting and defending the above-styled case, Plaintiff and Defendant, by and through their respective counsel, reached a settlement agreement covering all of Plaintiff's claims against Defendant.

5. The amount paid to Plaintiff and his attorneys under the FLSA settlement agreement (Ex. A) is fair and reasonable.

6. Proceeding to trial on this matter would entail further legal and factual disputes and incur significant costs for both parties. This could result in Plaintiff prevailing on none of his claims, or Defendant incurring liability for additional compensation or overtime. To expedite a resolution and eliminate this uncertainty, Plaintiff will receive a settlement regardless of his eligibility or right to overtime or additional payment.

7.      Upon approval of the FLSA settlement agreement, the parties request that the Court dismiss Plaintiff's FLSA claims with prejudice.

8.      Plaintiff further requests that the Court dismiss Plaintiff's Quantum Meruit/Work and Labor Done claim with prejudice.

WHEREFORE, PREMISES CONSIDERED, the parties request that this Court grant this Motion and enter the Proposed Order (attached as "Exhibit B").

Respectfully submitted jointly on this 8th day of July 2024.

/s/ Allen D. Arnold
Allen Arnold
Whitney Brown
**ALLEN D. ARNOLD, LLC**
6 Office Park Circle, Ste 209
Birmingham, AL 35223
(205) 252-1550
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com
*Attorneys for Plaintiff*

/s/ Michael L. Thompson
Michael L. Thompson
McKenzie T. Meade
**LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.**
P.O. Box 11945
Birmingham, Alabama 35202
(205) 326 - 3002
mthompson@lehrmiddlebrooks.com
mmeade@lehrmiddlebrooks.com
*Attorneys for Defendant*